UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

JEFFREY RAY ROUNDTREE, and )
MICHAELA LOUISE ROUNDTREE, )
                                              )
             Plaintiff,                       )
                                              )
v.                                            )        Case No. CIV-25-1360-R
                                              )
ELK CITY POLICE DEPARTMENT,                   )
et al.,                                       )
                                              )
             Defendants.                      )

## ORDER

Plaintiffs, appearing pro se and in forma pauperis, bring this action under 42 U.S.C. § 1983 alleging a violation of their constitutional rights. Defendants City of Elk City, Elk City Police Department, Sammy Weygand, Vanessa Doty, and Leslie Shelton have each filed a separate Motion to Dismiss [Doc Nos. 13, 14, 15, 16, 17]. Plaintiffs did not file a response to any of the respective motions or request additional time in which to do so.[1]

## *Background*

Plaintiff Jeffrey Rountree alleges that his constitutional rights were violated when he was arrested on two separate occasions by officers from the Elk City Police Department. On January 10, 2025, Officers Doty and Weygand arrested Plaintiff for forgery and

---

[1] This Court's local rules permit the Court to deem unopposed motions confessed. LCvR 7.1(g). However, the Tenth Circuit has instructed that "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). Accordingly, the Court considers the merits of Defendants' motions.

1

providing false or misleading information regarding his sex offender registration requirements. Officer Shelton was not directly involved in the arrest but allegedly provided some of the information related to the sex offender registry violation charge. On October 27, 2022, Officer Doty arrested Mr. Roundtree a second time for violating the sex offender registration requirements. Defendants have included court records indicating that both arrests resulted in criminal charges that remain pending in state court.[2]

Mr. Roundtree claims that the arrests are unlawful because the officers failed to conduct an appropriate investigation into the claims, the probable cause affidavit included false or stale allegations, and the arrests were made without a warrant. Mr. Roundtree further alleges that Officer Doty made false statements about communications with his attorney during a custodial interview and retaliated against him by refusing to take a report about Mr. Roundtree's employer.

The allegations related to Ms. Roundtree are extremely limited. She alleges that she will provide an affidavit disproving certain statements related to the forgery charges and seeks damages for the emotional distress associated with witnessing the unconstitutional conduct against Mr. Roundtree and damage to her reputation as a notary.

Based on these allegations, the Complaint purports to bring claims under the First, Fourth, Sixth, and Fourteenth Amendments. Defendants move for dismissal, arguing that the *Younger* abstention doctrine requires the Court to abstain from exercising jurisdiction

---

[2] The Court takes judicial notice of these records. *Stan Lee Media, Inc. v. Walt Disney Co*., 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (explaining that a court can take judicial notice of docket materials filed in other courts); *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (explaining that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment).

over certain claims and that Plaintiff has failed to state any plausible claim for relief. Defendants' arguments are well-taken, particularly in the absence of any response from Plaintiffs.

## *Standard of Decision*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In assessing plausibility, a court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Additionally, where, as here, a litigant is proceeding pro se, the "pleadings are to be construed liberally." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*.

## *Discussion*

### A. *Younger* Abstention

Defendants contend that this Court must abstain from resolving Mr. Roundtree's claim for declaratory relief pursuant to *Younger v. Harris*, 401 U.S. 37, 44–45 (1971). The *Younger* doctrine provides that a federal court should not intervene in state criminal prosecutions begun prior to the institution of a federal suit when the state court proceedings (1) are ongoing, (2) implicate important state interests, and (3) offer an adequate

opportunity to hear the plaintiff's federal constitutional claims. *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

All three conditions are met in this case. Mr. Roundtree is involved in state criminal proceedings that are ongoing, he has not shown that he lacks an adequate opportunity to raise his federal claims in the state proceeding, and state criminal proceedings clearly implicate important state interests. *See Wilson v. Morrissey,* 527 F. App'x 742, 744 (10th Cir. 2013) ("His ongoing criminal prosecution provides him with an adequate forum in which to challenge the constitutionality of his prosecution."). Additionally, Mr. Roundtree has not shown that any of the exceptions to the mandatory rule of abstention are present. *See Younger,* 401 U.S. at 54 (creating exception upon "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief").

Because all three conditions of *Younger* abstention are satisfied, the Court must abstain from interfering with Mr. Rountree's ongoing state criminal proceedings.[3]

---

[3] "The principles underlying *Younger* abstention apply, in most circumstances, without regard to the relief requested." *Graff v. Aberdeen Enterprizes, II, Inc*., 65 F.4th 500, 523 (10th Cir. 2023). The Court would therefore also be required to abstain with respect to Mr. Roundtree's claims for monetary relief, although the typical course with respect to claims for monetary relief is to stay the proceedings until the state proceeding is concluded. *Id.* However, because Mr. Roundtree has also failed to state a plausible claim, dismissal of all claims is appropriate.

## B. Failure to State a Claim

Defendants next contend that Plaintiffs have failed to state any plausible claim against any Defendant. Starting with the individual Defendants, Mr. Roundtree alleges that Officers Doty, Weygand, and Shelton violated the Fourth Amendment by arresting him without probable cause.[4]

"A claim of false arrest is premised on a lack of probable cause, a constitutional right under the Fourth Amendment." *Franklin v. Thompson*, 981 F.2d 1168, 1170 n.3 (10th Cir. 1992). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) (internal quotation marks omitted). This "is not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014). "Probable cause does not require facts sufficient for a finding of guilt; however, it does require more than mere suspicion." *United States v. Morris*, 247 F.3d 1080, 1088 (10th Cir. 2001) (internal quotation marks omitted).

Additionally, "[w]hen a warrantless arrest is the subject of a § 1983 action, the arresting officer is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to make the arrest." *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1191 (10th Cir. 2007). "Under this framework, sometimes referred

---

[4] To the extent Mr. Roundtree implies that an arrest without a warrant is per se unconstitutional, he is mistaken. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1156 (10th Cir. 2008) ("Their warrantless arrest of Fogarty therefore violates the Fourth Amendment unless that arrest was supported by probable cause.").

to as arguable probable cause, even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Koch v. City of Del City*, 660 F.3d 1228, 1241 (10th Cir. 2011) (internal brackets and quotation marks omitted).

Mr. Roundtree's allegations do not raise a plausible inference that the officers lacked probable cause for the arrests. Mr. Roundtree alleges that the officers failed to interview certain witnesses, conduct an adequate investigation, and relied on stale allegations. "Although the court may determine whether probable cause existed at the time of the arrest by taking into account factors such as whether the officer reasonably interviewed witnesses readily available at the scene, whether he investigated basic evidence or whether he inquired if a crime had been committed at all before invoking the power of warrantless arrest and detention, none of these factors is dispositive or indeed necessary to the inquiry." *Olsen*, 312 F.3d at 1312 (10th Cir. 2002). Thus, an officer is not necessarily required to interview an alibi witness, give credence to a suspect's story, or "reassess his probable cause conclusion at every turn." *Romero v. Fay*, 45 F.3d 1472, 1477–78, n. 3 (10th Cir. 1995) (quotation omitted). "The primary concern is whether a reasonable officer would have believed that probable cause existed to arrest the defendant based on the information possessed by the arresting officer." *Olsen*, 312 F.3d at 1312 (brackets and quotations marks omitted).

Here, the officers' mere failure to interview Mr. Roundtree's coworkers, credit Mr. Roundtree's explanation, or conduct a more thorough investigation does not plausibly negate the officers' initial determination that there was probable cause for the arrests. Even

if, as Mr. Roundtree appears to be suggesting, he is not guilty of the charged offenses, that does not establish that his arrests lacked probable cause. Mr. Roundtree's allegations are insufficient to plausibly show that a reasonable officer would not have believed that there was probable cause for the arrests. Additionally, Mr. Roundtree's allegation that the officers "fabricated" evidence is too conclusory to state a claim.[5]

Mr. Roundtree also asserts a claim for malicious prosecution[6] against Officers Doty, Shelton, and Weygand. "To state a § 1983 claim for malicious prosecution, a plaintiff must show, among other things, that the original action terminated in favor of the plaintiff, and that no probable cause supported the original arrest, continued confinement, or prosecution." *Fenn v. City of Truth or Consequences*, 983 F.3d 1143, 1149–50 (10th Cir. 2020). Mr. Roundtree has not alleged that the original action terminated in his favor and, as previously noted, he has not plausibly alleged that his arrest or confinement lacked probable cause. Moreover, "an officer typically does not proximately cause a malicious prosecution because the independent decisions of the prosecutor in bringing the charge and the court in issuing a indictment or warrant constitute superseding causes that break the

---

[5] Liberally construed, Mr. Roundtree may also be attempting to assert a *Franks* violation as he claims that the officers willfully disregarded exculpatory evidence and omitted material information from the probable cause affidavit. "In *Franks* [*v. Delaware*, 438 U.S. 154 (1978)], the Supreme Court held that affiants seeking arrest warrants violate the constitution when they knowingly, or with reckless disregard for the truth, include false statements in a supporting affidavit or omit information which, if included, would prevent the warrant from lawfully issuing." *Kapinski v. City of Albuquerque*, 964 F.3d 900, 905 (10th Cir. 2020). But this claim would also fail because Mr. Roundtree has not alleged that the officers' knowingly or recklessly omitted material information. *See United States v. Owens*, 882 F.2d 1493, 1499 (10th Cir. 1989) ("It is not enough to show that…an affiant's negligence or innocent mistake resulted in false statements in the affidavit.").

[6] Although Mr. Roundtree references the Fourteenth Amendment, a claim for malicious prosecution prior to trial must be brought under the Fourth Amendment. *Morphew v. Chaffee Cnty.*, No. 24-1424, 2026 WL 925539, at *6 n. 15 (10th Cir. Apr. 6, 2026).

chain of causation." *Calvert v. Ediger*, 415 F. App'x 80, 83 (10th Cir. 2011). Mr. Roundtree has not shown that the officers knowingly concealed or misled the prosecutor such that there is a causal connection between their alleged actions and the prosecution. He has therefore failed to state a plausible claim for malicious prosecution against the individual officers.

Mr. Roundtree's next two claims are asserted only against Officer Doty. First, he claims that Officer Doty violated his First Amendment rights by refusing to take a police report during his arrest and by accepting assignment of the case when he later returned to make the report. To succeed on this claim, Mr. Roundtree must show that he "was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). Even assuming that Mr. Roundtree engaged in some sort of constitutionally protected speech, his claim fails because he has not plausibly alleged that Officer Doty caused an injury that would chill a person of ordinary firmness from engaging in the protected conduct or that Officer Doty's alleged retaliatory actions was the but for cause of an injury. *See Nieves v. Bartlett,* 587 U.S. 391, 398, (2019) ("It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury."); *Brandt v. Spaits*, No. 120CV01900DDDMEH, 2023 WL 3794791, at *4 (D. Colo. Mar. 13, 2023) ("[P]laintiffs

8

provide no support for the idea that being turned away from government offices would chill a person of ordinary firmness from engaging in speech.").

Mr. Roundtree's second claim against Officer Doty alleges that she violated his Sixth Amendment right to counsel by deliberately misrepresenting that Mr. Roundtree's attorney had given her permission to speak to Mr. Roundtree alone. "[T]he Sixth Amendment right to counsel first attaches after the prosecution initiates formal charges," so it did not apply to Mr. Roundtree at the time of his arrest. To the extent Mr. Roundtree intended to invoke the Fifth Amendment's right to counsel during a custodial interrogation, the claim would also fail because he does not allege that any coerced statements were used against him in a criminal proceeding. *See Montoya v. Vigil,* 898 F.3d 1056, 1069 (10th Cir. 2018) ("To state a claim that the government violated his Fifth Amendment right, then, Montoya must show his coerced admissions were actually used against him in a criminal proceeding.").

Mr. Roundtree's final claim is asserted against the City of Elk City.[7] To establish liability against a municipality under § 1983, a plaintiff must show, in addition to an underlying constitutional violation, the existence of a municipal policy or custom and a direct causal link between the policy or custom and the injury. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019). Here, in addition to the fact that Mr.

---

[7] He also names the Elk City Police Department and the Chief of Police in his official capacity. However, the Elk City Police Department, as a subordinate department of the City of Elk City, lacks the capacity to be sued and is not a proper defendant. *See Currie v. Oklahoma City Police Dep't*, No. CIV-08-194-HE, 2008 WL 1946787, at *4 (W.D. Okla. Apr. 30, 2008). And the official capacity claim against the police chief is simply another way of asserting a claim against the municipality itself. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

Roundtree has not plausibly alleged an underlying constitutional, he has also failed to plausibly allege that a municipal policy was the moving force behind his alleged injury.

To support his municipal liability claim, Mr. Roundtree points to a 2023 settlement agreement in another case that required Elk City to review policies and provide additional training on search and seizure, probable cause, and warrants. This single settlement agreement arose from a case involving materially different facts and does not plausibly show that Elk City had notice that a deficient policy was likely to result in the constitutional violations that allegedly occurred in this action. *See id*. (dismissing municipal liability claim where allegations of prior violations "d[id] not involve similar conduct to the conduct at issue in this case" and because one prior similar incident does not show deliberate indifference). Mr. Roundtree has failed to state a claim against the City of Elk City.

Ms. Roundtree seeks damages for reputational harm and emotional distress associated with Mr. Roundtree's arrests. However, she has not alleged any facts showing that any Defendant violated her constitutional rights and her assertion that she suffered emotional distress or reputation harm is too conclusory to support any plausible claim.

Accordingly, for the reasons stated above, the respective Motions to Dismiss filed by Defendants City of Elk City, Elk City Police Department, Sammy Weygand, Vanessa Doty, and Leslie Shelton [Doc Nos. 13, 14, 15, 16, 17] are granted. This action is dismissed without prejudice.

IT IS SO ORDERED this 8th day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

10